# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRUSTEES OF THE MILWAUKEE CARPENTERS DISTRICT COUNCIL HEALTH FUND,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN WOODWORK INC.,<br><br>Defendant. | Case No. 17-CV-826-JPS<br><br>**ORDER** |

Plaintiff asserts claims against Defendant for violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1132 *et seq.* and the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a)*.* (Docket #1). On November 17, 2017, Plaintiff requested entry of default against Defendant. (Docket #7). The Clerk of Court entered default three days later. On March 19, 2018, Plaintiff moved for default judgment against Defendant. (Docket #9). No response to that motion has been received, and the time in which to do so has expired. Civ. L. R. 7(b).

Because the Clerk of Court has entered default against Defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiff of the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the

amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff claims the following items of damages:

1) Delinquent contributions in the amount of $15,193.98;

2) Interest in the amount of $5,204.83;

3) Liquidated damages in the amount of $3,038.81; and

4) Attorneys' fees and costs in the amount of $893.00.

*See* (Docket #9 and #10). These figures total $24,330.62. *Id.*

Here, the claimed amounts are easily capable of ascertainment from the computations in the documentary evidence and the affidavits submitted by Plaintiff. Plaintiff's evidence details Defendant's failure to abide by the terms of the collective bargaining agreement from February 1, 2016 through May 30, 2016, and the payment delinquencies that have resulted therefrom. *See* (Docket #9, #9-1, #9-2, and #10). Thus, the Court having determined "that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint," by its entry of default, and that Plaintiff's claimed amounts for unpaid contributions, interest, and liquidated damages are reasonably certain and well-supported, the Court will now grant Plaintiff's requested default judgment and award them their requested amounts for those items. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). The same is true for Plaintiff's request for fees and costs, as provided by 29 U.S.C. § 1132(g)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #9) be and the same is hereby **GRANTED**; Defendant shall pay to Plaintiff the total sum of $24,330.62 together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge